IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00334-BNB

BRIAN HICKS,

    Plaintiff,

v.

STEPHANIE PODOLAK,
BLAKE DAVIS,
RENE GARCIA,
SHAWN KUTA,
SHIKAH DOSANJ,
STEVE BROWN,
SEAN SNIDER,
MICHEAL NALLEY,
HARREL WATTS, and
JOHNNY CHAVEZ,

    Defendants.

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION AND/OR
TEMPORARY RESTRAINING ORDER

    Plaintiff, Brian Hicks, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the Federal Correctional Institution in Littleton, Colorado. Mr. Hicks filed *pro se* an amended prisoner complaint pursuant to 42 U.S.C. §§ 1983 and 1985, 28 U.S.C. § 1331, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and other statutory authority. On February 8, 2012, he also filed a motion titled "Motion for a Preliminary Injunction and/or Temporary Restraining Order" (ECF No. 2).

    In the February 8 motion, Mr. Hicks challenges his transfer from the general

prison population to the special housing unit, where he alleges he has been confined since October 2, 2009.  He further contends that correctional officers have threatened him with pepper spray and told him he would not be admitted back into the general prison population for his refusal to cooperate with police.

The Court must construe the motion liberally because Mr. Hicks is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.  For the reasons stated below, the motion will be denied.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest.  See *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).  Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued.  See Fed. R. Civ. P. 65(b).

A preliminary injunction is an extraordinary remedy and "the primary goal of a preliminary injunction is to preserve the pre-trial status quo."  *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009).  Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs."  *Id.*  Because Mr. Hicks is seeking a mandatory preliminary injunction that

seeks to alter the status quo, he must make a heightened showing of the four factors listed above.  *See id.* at 1209.

Plaintiff's allegations are speculative, concern past events, or fail to demonstrate that he will suffer irreparable injury if no preliminary injunction is issued.  Mr. Hicks also does not demonstrate a substantial likelihood of prevailing on the merits, that his threatened injuries outweigh whatever damage the proposed injunction may cause the opposing party, or that a preliminary injunction would not be adverse to the public interest.  Therefore, the motion for injunctive relief and/or a temporary restraining order will be denied.

Accordingly, it is

ORDERED that the motion titled "Motion for a Preliminary Injunction and/or Temporary Restraining Order" (ECF No. 2) that Plaintiff, Brian Hicks, submitted to and filed with the Court *pro se* on February 8, 2012, is denied.

DATED at Denver, Colorado, this   12th   day of    April    , 2012.

BY THE COURT:

    s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court