IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00334-BNB

BRIAN HICKS,

    Plaintiff,

v.

STEPHANIE PODOLAK,
BLAKE DAVIS,
RENE GARCIA,
SHAWN KUTA,
SHIKAH DOSANJ,
STEVE BROWN,
SEAN SNIDER,
MICHEAL NALLEY,
HARREL WATTS, and
JOHNNY CHAVEZ,

    Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND A MAGISTRATE JUDGE

---

    Plaintiff, Brian Hicks, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the Federal Correctional Institution in Littleton, Colorado. Mr. Hicks filed *pro se* an amended prisoner complaint pursuant to 42 U.S.C. §§ 1983 and 1985, 28 U.S.C. § 1331, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and other statutory authority.

    Under § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). However, since Mr. Hicks is suing federal defendants, the § 1983 claims in his amended complaint

properly are asserted pursuant to *Bivens*. Mr. Hicks asks for money damages and declaratory and injunctive relief. He has paid the $350.00 filing fee.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Mr. Hicks is a prisoner and he is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the amended complaint, or any portion of the amended complaint, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe Mr. Hicks' filings liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the amended complaint and the action will be drawn in part and dismissed in part as legally frivolous.

Mr. Hicks alleges that he was investigated while incarcerated in the Denver County Jail in connection with the 2007 drive-by shooting of Denver Broncos cornerback Darrent Williams. He appears to have been convicted on state charges in connection with the shooting. He alleges he was transferred to federal custody after being indicted on federal drug charges in a case currently pending before this Court. *See United States v. Brooks*, No. 07-cr-00184-WYD-4 (D. Colo. filed Apr. 25, 2007). He complains that, after over a year of placement in the general prison population and after a superseding indictment was entered against him on July 23, 2007, in No. 07-cr-00184-WYD-4, he was removed from the general prison population and placed in the

special housing unit (SHU), a solitary confinement unit. He contends he was transferred to the SHU at the direction of Defendant, Stephanie Podolak, the United States attorney involved in his federal criminal case, apparently for his failure to cooperate with law enforcement in connection with the federal case. He complains that he was transferred in and out of general population and placed in the SHU for various time periods, apparently pursuant to alleged BOP investigations, and that as of the date of the amended complaint he had spent approximately 1,160 days in solitary confinement in the SHU. Finally, he alleges that he is a pretrial detainee because he has not yet been convicted on federal charges in No. 07-cr-00184-WYD-4.

On the basis of these allegations, Mr. Hicks asserts five claims. As his first claim, he contends that, pursuant to 42 U.S.C. § 1985(3), Defendants conspired with each other to keep him housed in solitary confinement. In claim two, he argues that based upon his long SHU incarceration and the deterioration in his medical condition as a type-2 diabetic, the conditions of his confinement have subjected him to cruel and unusual punishment under the Eighth Amendment. He further alleges that these conditions have subjected him to atypical and significant hardship under the Fourteenth Amendment. As his third claim, Mr. Hicks asserts that Defendants Shawn Davis and Blake Davis are interfering with his access to the courts by refusing to respond to certain of his administrative appeals and that BOP personnel and the prison law library have failed to provide him with adequate legal resources to initiate in a timely manner a civil suit challenging the conditions of his confinement. In claim four, he alleges that Defendants violated his equal protection rights by placing him in segregation because of media attention focused on his case while other inmates allegedly indicted on similar

drug charges were not placed in segregation.  As his fifth claim, he asserts a supplemental jurisdiction claim of intentional infliction of emotional distress based upon his SHU placement.  These claims and the case will be drawn to a district judge and magistrate judge.

Mr. Hicks is suing Defendants Michael Nalley and Harrell Watts because they allegedly denied administrative grievances filed by Mr. Hicks.  *See* ECF No. 9 at 11 ¶¶ 26, 27; 16 ¶¶ 41, 42.  However, these allegations fail to establish the personal participation of Mr. Nalley and Mr. Watts.  The United States Court of Appeals for the Tenth Circuit repeatedly has noted "that 'the denial of . . . grievances alone is insufficient to establish personal participation in the alleged constitutional violations'" of other defendants.  *Whitington v. Ortiz*, 307 Fed. App'x 179, 193 (10th Cir. Jan. 13, 2009) (unpublished decision) (quoting *Larson v. Meek*, 240 Fed. Appx. 777, 780 (10th Cir. June 14, 2007) (unpublished decision)).  Mr. Hicks has failed to allege an affirmative link between the alleged constitutional violations and these Defendants.  Because Mr. Hicks fails to assert that these Defendants personally participated in violating his constitutional rights, Mr. Nalley and Mr. Watts are improper parties to the action, and will be dismissed.

Accordingly, it is

ORDERED that the amended complaint and the action are drawn to a district judge and magistrate judge.  It is

FURTHER ORDERED that the claims against Defendants Michael Nalley and Harrel Watts are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1).  It is

FURTHER ORDERED that Defendants Michael Nalley and Harrel Watts are dismissed as parties to this action.  It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this  12th   day of     April         , 2012.

BY THE COURT:

　　s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court