IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12–cv–00334–RBJ–MJW

BRIAN HICKS,

Plaintiff,

v.

STEPHANIE PODOLAK,
BLAKE DAVIS,
RENE GARCIA,
SHAWN KUTA,
SHIKAH DOSANJ,
STEVE BROWN,
SEAN SNIDER, and
JOHNNY CHAVEZ,

Defendants.

**RECOMMENDATION THAT CLAIMS AGAINST UNSERVED
DEFENDANT BLAKE DAVIS BE DISMISSED FOR FAILURE TO SERVE AND
FAILURE TO PROSECUTE**

Entered by Magistrate Judge Michael J. Watanabe

This matter was referred to this court pursuant to an Order of Reference to United States Magistrate Judge issued by Judge R. Brooke Jackson on May 3, 2012 (Docket No. 24).

This action was commenced in February 2012.  Nevertheless, defendant Blake Davis has not yet been served in this matter because the plaintiff has not provided the court with Davis's current address.  An Order to Show Cause was issued on June 13, 2012 (Docket No. 43), and a Show Cause Hearing was held on August 27, 2012 (see Docket No. 73), but plaintiff has not shown cause why his claims against Davis should

2

not be dismissed based upon plaintiff's failure to serve and failure to prosecute.

Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m). In addition, Local Rule 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

Based upon the foregoing, it is hereby

**RECOMMENDED** the claims against defendant Blake Davis be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for failure to serve and failure to prosecute.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the**

3

**recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  August 28, 2012          s/ Michael J. Watanabe
       Denver, Colorado          Michael J. Watanabe
                                      United States Magistrate Judge